IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY JUSTIN TACY,
    Plaintiff,

vs.                                  Case No. 1:05cv122/MMP/EMT

MR. HICKS, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed on June 16, 2005 (Doc. 8, Attach. 2), in which Plaintiff complains of the conditions of his confinement.  Leave to proceed in forma pauperis has been granted (*see* Doc. 18).

Because Plaintiff is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the court is required to dismiss the complaint if it determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  Upon review of the complaint, it appears that this case should be dismissed as malicious.     Initially, section IV.D. of the civil right complaint form asks, "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify theses [sic] suits below by providing the case number, the style, and the disposition of each case:" (Doc. 8, Attach. 2 at 6).  In the space provided for an answer to this question, Plaintiff wrote "Not Applicable" (*id.*). However, Plaintiff's answer is non-responsive to the question, suggests that no such lawsuits have ever been initiated by Plaintiff, and fails to properly identify two cases filed in the District Court for the Southern District of Florida: Case Number 98-cv-14264, which was dismissed on November 9,

1999 for failure to state a claim upon which relief can be granted (*see* docket entries 33, 39); and Case Number 01-cv-14294, which was dismissed on January 3, 2002 pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted) and Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (*see* docket entries 6, 13).

Additionally, section IV.B. of the complaint form asks, "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" (Doc. 8, attach. 2 at 5) (emphasis in original). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no." Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court that otherwise relate to his imprisonment. However, Case Number 01-cv-14294 certainly related to Plaintiff's imprisonment, as Plaintiff sued the Secretary for the Department of Corrections and the Florida Parole Commission.

At the end of the instant civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**" (Doc. 8, Attach. 2 at 10) (emphasis in original).

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, because prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be

confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.	That this cause be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. 1915A(b)(1), as malicious.

2.	That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 1st day of December 2005.

>	/s/ *Elizabeth M. Timothy*
>	**ELIZABETH M. TIMOTHY**
>	**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**